# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

LOREN W. MAY, SR.,
REG. #17748-045                                                                                            PLAINTIFF

v.                                            2:12-cv-00019-BSM-JTK

UNITED STATES OF AMERICA, et al.                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Loren May is a federal inmate incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas, who has been granted in forma pauperis status in this federal civil rights (Bivens) action. In his Complaint, Plaintiff claims he is subjected to unconstitutional conditions of confinement at the FCI, because of the pervasiveness of black mold which causes him numerous health problems. Plaintiff asks for monetary and injunctive relief from the Defendants.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.    Facts and Analysis**

In his Complaint, Plaintiff alleges Defendants Warden Outlaw and Safety Manager Ronald Smith have disregarded his complaints about the unconstitutional conditions, thereby forcing him to live under unhealthy conditions which cause him numerous health problems. He also names as Defendants the United States of America, Geraldo Maldonado, Jr., and

Harrell Watts. Having reviewed Plaintiff's Complaint, the Court finds that these three Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

"Bivens actions...may only be maintained against federal officers; sovereign immunity bars such actions against the United States of agencies thereof." Johnstone v. United States, 980 F.Supp. 148, 151 (E.D.Pa. 1997), citing F.D.I.C. v. Meyer, 510 U.S. 471, 485-6 (1994). Therefore, Plaintiff's claim against the United States should be dismissed .

In addition, Plaintiff's allegations against Defendants Maldonado and Watts appear to be based on their supervisory positions only. Plaintiff complains that these two individuals denied his grievance appeals and failed to positively respond to his complaints about the conditions. However, there is no respondeat superior liability for alleged constitutional violations in Bivens actions. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). In addition, an allegation that a supervisor fails to properly investigate or respond to a prisoner's grievance is not actionable in a civil rights action. Rowe v. Norris, 198 Fed.Appx. 579 (8th Cir. 2006), and Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants United States of America, Maldonado, and Watts be DISMISSED from Plaintiff's Complaint, for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 1st day of February, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE